# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jonathan M. | File No. 26-CV-3000 (JMB/LIB) |
| Petitioner, | |
| v. | |
| Todd Blanche, *Acting Attorney General*; Markwayne Mullin, *Secretary of Homeland Security*; David Venturella, *Acting Director of U.S. Immigration & Customs Enforcement*; Marcos Charles; *Acting Executive Director for Enforcement and Removal Operations, U.S. Immigration & Customs Enforcement*; Immigration and Customs Enforcement (ICE); Department of Homeland Security; David Easterwood, *Field Office Director for Enforcement and Removal Operations*; Sheriff Joel Brott, *Sherburne County Sheriff*, | **ORDER** |
| Respondents. | |

Nicholas Ratkowski and Joseph T. Heegaard, Ratkowski Law PLLC, St. Paul, MN, for Petitioner Jonathan M.

David W. Fuller and Derek Ganzhorn, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Blanche, Markwayne Mullin, David Venturella, Marcos Charles, David Easterwood, Immigration and Customs Enforcement, and Department of Homeland Security.

This matter is before the Court on Petitioner Jonathan M.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1 [hereinafter, "Pet."]), which names Todd Blanche, Markwayne Mullin, David Venturella, Marcos Charles, David Easterwood, Immigration and Customs Enforcement, Department of Homeland Security (together, the Federal Respondents), and Joel Brott (together, with the Federal Respondents, Respondents) as Respondents. (Doc. No. 1.)  For the reasons explained below, the Court grants the Petition.

### FINDINGS OF FACT

1.      Jonathan M. is a native and citizen of Sierra Leone.  (Pet. ¶¶ 2, 30.)

2.      In or around 2003, Jonathan M. entered the United States as a refugee.  (*Id.* ¶ 2.)

3.      In September 2014, an immigration judge ordered Jonathan M. removed from the United States.  (*Id.* ¶¶ 3, 30.)

4.      Later that same year, Jonathan M. was released on an Order of Supervision. (*Id.* ¶ 3.)

5.      As part of his conditions of release, Jonathan M. was required to attend quarterly check-ins with ICE.  (*Id.* ¶¶ 4, 6.)

6.      For the last twelve years, Jonathan M. has complied with all requirements of his Order of Supervision.  (*Id.* ¶ 5.)

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

7. At his March 2026 check-in appointment, ICE did not tell Jonathan M. that it had undertaken any deportation efforts, such as obtaining travel documents, in his case. (*Id.* ¶ 7.)

8. Until his June 16, 2026 arrest, Jonathan M. was employed by Metro Transit. (*Id.* ¶ 2.)

9. On June 16, 2026, Jonathan M. reported to one of his regular check-ins with ICE. (*Id.* ¶ 6.) At the appointment, agents arrested Jonathan M., told him that his Order of Release was revoked, and that he would be deported to a third county that would accept him (but they would not identify which country). (*Id.* ¶¶ 6, 8.)

10. Prior to June 16, 2026, Jonathan M. did not receive a notice of ICE's intent to revoke his Order of Supervision. (*Id.* ¶ 10.)

11. At no time prior to June 16, 2026 or after anytime thereafter, Respondents have not alleged that any circumstances have changed or permitted Jonathan M. an interview. (*Id.* ¶¶ 10, 12.)

12. Jonathan M. does not have a passport from Sierra Leone or any other travel documents. (*Id.* ¶¶ 9, 16.)

13. Jonathan M. remains detained in the Sherburne County Jail. (*Id.* ¶ 13.)

14. On June 17, 2026, Jonathan M. filed his Petition. (Doc. No. 1.)

15. On June 18, 2026, the Court filed an Order requiring Respondents to respond to the Petition by or before 11:00 a.m. on June 22, 2026. (Doc. No. 4.)

16. At 11:48 a.m. on June 22, 2026, the Federal Respondents filed a motion seeking a twenty-four hour extension of their deadline to respond to the Petition, which

had already passed.  (Doc. No. 6.)  The Court denied the request as untimely.  (Doc. No. 7.)

17.    No Respondent has responded to the Petition.

### DISCUSSION

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted).  The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted).  The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

In his Petition, Jonathan M. argues that his detention is unlawful because, by failing to follow their own rules and regulations when they revoked his Order of Supervision, Respondents violated his rights to due process under the Fifth Amendment, the *Accardi* doctrine, the Administrative Procedures Act, and the Immigration and Nationality Act.  He seeks immediate release.  Respondents did not respond.  The Court grants the Petition for two independent reasons.

First, Respondents failed to timely respond to the Petition.  As a result, the Court considers the relief requested in the Petition to be unopposed and therefore grants the Petition.  *Rodriguez -Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-0198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (concluding that failure to respond is an express waiver of arguments or claims).

Second, as a separate and independent basis for granting the Petition, the Court finds for Jonathan M. on the merits.  Jonathan M. asserts that his detention is unlawful and that he should be immediately released because Respondents, having released him on an Order of Supervision in 2014, violated applicable regulations—namely 8 C.F.R. § 241.13(i)(2)–(3)—by re-detaining him.  Government agencies are required to follow their own regulations.  *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Sarail A. v. Bondi*, No. 25-CV-2144 (ECT/JFD), 2025 WL 2533673, at *2 (D. Minn. Sep. 3, 2025).  When an individual is released pursuant to section 241.13 (like Jonathan M.), that release can be revoked on two grounds: (1) the non-citizen's violation of supervised release, or (2) changed circumstances. 8 C.F.R. § 241.13(i).  Under the latter, ICE "may revoke [a noncitizen's] release under this section and return the [noncitizen] to custody if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future."  *Id.* § 241.13(i)(2).  In either case—violation of supervised release or changed circumstances—the regulations require ICE to notify the noncitizen "of the reasons for revocation of his or

5

her release" and to conduct an initial informal interview promptly after the noncitizen's return to custody to afford the noncitizen an opportunity to respond to the reasons for revocation stated in the notification. *Id.* § 241.13(i)(3). Section 241.13 also places the burden on ICE to establish that "changed circumstances" justified the revocation of release. *Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025); *Escalante v. Noem*, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025); *Nguyen v. Hyde*, No. 25-CV-11470-MJJ, 2025 WL 1725791, at *3 n.2 (D. Mass. June 20, 2025).

Further, to revoke a noncitizen's release under section 241.13, ICE must "determine[]" that "on account of changed circumstances," there "is a significant likelihood that the [noncitizen] will be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). To make such a reasoned determination, the agency must "consider[] factors probative of the [noncitizen's] future removal," such as the factors set out in section 241.13(f). *Sarail A.*, 2025 WL 2533673, at *7 (citing cases); *see also Kong v. United States*, 62 F.4th 608, 620 n.13 (1st Cir. 2023) (referring to the factors in subsection (f) as relevant to the subsection (i)(2) determination governing re-detention of a noncitizen released under section 241.13). Those factors include, but are not limited to, the history of a non-citizen's efforts to comply with the order of removal, the history of ICE's efforts to remove non-citizens to third countries that are an option for the non-citizen's removal, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of noncitizens to the countries in question. *See* 8 C.F.R. § 241.13(f).

The record presented includes no evidence that Respondents satisfied section 241.13. There is no evidence that Jonathan M. was provided any documentation identifying any "changed circumstances" or providing any explanation to support the conclusion that he is significantly likely to be removed in the reasonably foreseeable future, much less evidence that Respondents undertook any reasoned analysis to arrive at that conclusion before arresting him. (Pet. ¶¶ 10, 12, 15, 16, 17, 49–61.) Also, Jonathan M. has established that he has complied with the conditions of supervised release. (*Id.* ¶¶ 6, 48, 57.) Accordingly, Jonathan M. has shown that ICE's re-detention of him violated the law because ICE did not comply with its own regulations under section 241.13(i)(2).[2] Jonathan M. must be released immediately.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1.  Respondents are ORDERED to release Petitioner Jonathan M. immediately, and in any event no later than 4:00 p.m. CT on June 23, 2026. Upon his release, Jonathan M. will be subject to the conditions in his pre-existing Order of Supervision.

2.  On or before 11:00 a.m. CT on June 24, 2026, counsel for Respondents shall file a letter affirming that they have released Petitioner Jonathan M.

3.  On or before 11:00 a.m. CT on June 24, 2026, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and

---

[2] The Court is also concerned that Respondents may not have complied with their obligation to notify Jonathan M. "[*u*]*pon* revocation" of "the reasons for revocation." 8 C.F.R. § 241.13(i)(3) (emphasis added).

affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589. If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property." If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

4.  Petitioner Jonathan M. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

5.  To the extent Petitioner Jonathan M. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 22, 2026                    /s/ *Jeffrey M. Bryan*
                                         Judge Jeffrey M. Bryan
                                         United States District Court